he made an assault on prosecutrix with the ice pick, and threatened prosecutrix with the gun. It seems to have been a part of the same transaction, proof of which was admitted by the court upon the issue of malice and intent on appellant's part. We observe no error on the part of the court in the ruling complained of.

The judgment is affirmed.

of exception may be filed which, in the absence of an extension, is thirty days after the adjournment of court. In view of the statute, article 760, subd. 5, C. C. P. 1925, this court is precluded from giving effect to the bill of exception. See Border v. State (Tex. Cr. App.) 71 S.W.(2d) 515. We will add that, in the absence of the statement of facts, it would be difficult, if not impossible, to appraise the bill of exception.

Upon the record before us, we are constrained to order an affirmance of the judgment, which is accordingly done.

## EWING v. STATE.
### No. 16827.

Court of Criminal Appeals of Texas.
Oct. 10, 1934.

## FREEDMAN v. STATE.
### No. 17121.

Court of Criminal Appeals of Texas.
Oct. 10, 1934.

D. W. Huffar, of Cooper, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, Presiding Judge.

The offense is burglary; penalty assessed at confinement in the penitentiary for two years.

The injured party was Tom Robertson.

There is before this court no statement of the facts heard upon the trial.

A bill of exception, filed on the 17th day of April, 1934, appears in the record. The motion for new trial was overruled on the 20th day of January, 1934. There appears no order of the court extending the time in which bills

Chas. B. Spiner, of Houston, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

CHRISTIAN, Judge.

The offense is theft; the punishment, confinement in the penitentiary for ten years.

It is made to appear by proper affidavit that, since his conviction in the trial court and pending his appeal to this court, appellant has escaped from jail.

The appeal is dismissed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.